# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DISTRICT

CAROL ANN HAWK                                                                      PLAINTIFF

v.                                      No. 1:14CV00032-KGB-JJV

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                          DEFENDANT

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for United States District Judge Kristine G. Baker. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than fourteen days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within fourteen days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

### Recommended Disposition

Carol Ann Hawk seeks judicial review of the denial of her application for disability

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

insurance benefits.[3] Because she was insured for DIB until June 30, 2010, Ms. Hawk had to prove she was disabled on or before that date to receive DIB.[4] Ms. Hawk based disability on migraines, depression, lung and leg problems, anxiety, and diabetes.[5]

**The Commissioner's decision**. The Administrative Law Judge (ALJ) denied the application at step two of the disability-determination process. Step two requires the claimant to show she has a severe impairment. If she fails to prove a severe impairment, step two directs a conclusion of "non-disabled."[6] The ALJ found Ms. Hawk had no severe impairment before insured status expired.[7] In the absence of a severe impairment before insured status expired, the ALJ determined Ms. Hawk was not disabled and denied the application.[8]

After the Appeals Council denied a request for review,[9] the ALJ's decision became the Commissioner's final decision.[10] Ms. Hawk filed this case to challenge the decision.[11] In reviewing the decision, the court must decide whether substantial evidence supports the decision and whether

---

[3] SSA record at p. 99 (applying for DIB on Aug. 30, 2011 and alleging disability beginning Sept. 1, 2007).

[4] *See* 42 U.S.C. §§ 416(i), 423(c).

[5] SSA record at p. 136.

[6] 20 C.F.R. §§ 404.1520(a)(4).

[7] SSA record at p. 12.

[8] *Id*. at p. 13.

[9] *Id*. at p. 1.

[10] *See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11] Docket entry # 1.

the ALJ made a legal error.[12] This Court finds that substantial evidence supports the decision and the ALJ made no legal error.

**Ms. Hawk's allegations**. Ms. Hawk contends substantial evidence does not support the decision.[13] As evidence of a severe impairment, she relies on neuropsychological testing, testimony about speech impairment, and medical literature about chronic pain. She suggests the ALJ should have done more to develop the record.

**Applicable legal principles**. To receive disability insurance benefits, "an applicant must establish that she was disabled before the expiration of her insured status."[14] The claimant's allegations are not enough to prove disability; proving disability requires medical evidence.[15] In this case, Ms. Hawk relies on medical evidence originating <u>after</u> insured status expired. She has no contemporaneous medical evidence because she never sought treatment for the conditions underlying her claim.

A claimant can sometimes overcome the lack of contemporaneous medical evidence with

---

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[13]Docket entry # 12.

[14]*Pyland v. Apfel*, 149 F.3d 873, 877 (8th Cir. 1998).

[15]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability").

a retrospective diagnosis.[16] "Where the impairment onset date is critical … [as in this case], retrospective medical opinions alone will usually not suffice unless the claimed disability date is corroborated, as by subjective evidence from lay observers like family members."[17] Ms. Hawk attempted to establish a severe impairment before insured status expired with a retrospective diagnosis, testimony about symptoms before expiration of insured status, and medical literature about chronic pain's effect on cognition. While her counsel is credited for zealously representing Ms. Hawk, for the following reasons, this evidence failed to prove Plaintiff had a severe impairment before expiration of insured status.

**1. There is no diagnosis of a severe impairment before expiration of insured status**. There is no medical evidence originating between Ms. Hawk's alleged onset date — September 1, 2007 — and the expiration of insured status — June 30, 2010 — because Ms. Hawk sought no treatment. As a result, there is no diagnosis originating before expiration. Ms. Hawk attempted to overcome this evidentiary problem with a retrospective diagnosis.

The diagnosis flowed from a neuropsychological examination over fourteen months after expiration of insured status. The examiner diagnosed non-psychotic cognitive disorder.[18] According to the examiner, Ms. Hawk's "clinical history, mental status examination and neuropsychological screening test profile data reveal a pattern of abnormal responses and pathgnomonic indices consistent with the presence of diffuse organic brain dysfunction of moderate severity…."[19]

---

[16]*Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995) ("Retrospective medical diagnoses constitute relevant evidence of pre-expiration disability.").

[17]*Jones*, 65 F.3d at 104.

[18]SSA record at p. 221.

[19]*Id*.

4

Importantly, the examiner diagnosed mental impairment,[20] but did not apply the diagnosis retrospectively. Thus, there is no diagnosis to establish a severe impairment before expiration of insured status.

**2. There is no evidence of disabling symptoms before expiration of insured status**. Even if the record included a diagnosis originating before expiration of insured status, proving disability requires more than a diagnosis.[21] The existence of mental impairment is not per se disabling under social security law.[22] Proving disability requires proof of symptoms so severe — considering the claimant's age, education, and work experience — as to prevent the claimant from doing any kind of substantial gainful activity existing in significant numbers in the national economy, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[23]

Ms. Hawk relies on testimony about speech impairment. During the hearing, the ALJ asked Ms. Hawk how long she had experienced problems speaking.[24] Ms. Hawk said about two years.[25] Treated as fully credible, Ms. Hawk's testimony established problems with speech seven months after her insured status expired. And her friend's testimony about speech problems was ambiguous. She initially stated Ms. Hawk had no speech problems that far back, but then implied she did.[26]

---

[20]*Id*.

[21]*Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004) (diagnosis is insufficient to show condition meets the severity requirements of listed impairment).

[22]*Dunlap v. Harris*, 649 F.2d 637, 638 (8th Cir. 1981).

[23]42 U.S.C. § 1382c(a)(3)(B).

[24]SSA record at p. 26.

[25]*Id*.

[26]*Id*. at pp. 41-42.

Neither Ms. Hawk nor her friend testified about the presence of disabling symptoms before expiration of her insured status.

The earliest medical evidence of speech problems originated thirteen months after expiration of insured status. Four weeks after applying for benefits, Ms. Hawk presented to the emergency room for complaints of "seizure like activity."[27] That complaint is the first record of medical treatment since October 2002.[28] Ms. Hawk brought the neuropsychologist's report and talked about disability benefits. According to the attending physician, Ms. Hawk began to jerk when he entered the examining room, but stopped when he left the room.[29] Ms. Hawk reported a frontal lobe imbalance and talked as if sedated, but as able to say anything she wanted to.[30] As a diagnosis, the physician listed "psychosomatic/psychiatric behavior/malingering, disability type behavior."[31] The diagnosis indicates the attending physician didn't credit Ms. Hawk's presentation.

**3. Ms. Hawk sought no medical treatment**. "An ALJ may discount a claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment."[32] The lack of financial resources may sometimes explain the lack of treatment, but Ms. Hawk had access to a free health clinic.[33] So the lack of treatment in this case indicates Ms. Hawk's symptoms

---

[27] SSA record at p. 228.

[28] *Id*. at p. 247 (complaining about congestion, runny nose and cough).

[29] *Id*. at p. 228.

[30] *Id*.

[31] *Id*.

[32] *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[33] SSA record at p. 140 ("I have not been to a doctor in many years. I want to set up an appointment with the Mountain Home Christian clinic but have not done so at this time….I need help. I can't live like this.").

were not as severe as she now claims.

The Court has carefully considered the medical literature submitted. (Doc. Nos. 12-1 and 12-2.) And while sympathetic to Ms. Hawk's claims, the record as a whole shows no basis for a severe impairment before expiration of insured status.[34] A reasonable mind would accept the evidence as adequate to support the ALJ's decision because: (1) there is no diagnosis of an impairment before expiration of insured status, (2) there is no evidence of disabling symptoms before expiration, (3) Ms. Hawk first sought medical treatment thirteen months after expiration, and (4) no basis exists for relying on her medical literature.

**Conclusion and Recommendation**

Plaintiff has advanced evidence and argument that supports her claims. But it is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.[35]

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.[36] The Commissioner's decision is not based on legal error. For these reasons, the Court recommends affirming the Commissioner's decision and dismissing Ms. Hawk's Complaint with prejudice (docket entry # 2).

---

[34]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (in reviewing decision denying disability benefits, court must determine whether the decision is supported by substantial evidence in the record as a whole).

[35] *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

[36]*Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).

Dated this 20th day of February, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE